IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00018-GPG

LEILA McCOY, Individually, and
NEXT FRIEND to EC, CC, LC, and JCM,

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEPT.,
OFC. RICHARDSON, Individually and Professional Capacities,
OFC. PARKS, Individually and Professional Capacities,
SGT. LEDBETTER, Individually and Professional Capacities,

    Defendants.

---

ORDER TO AMEND

---

Plaintiff Leila McCoy currently resides in Colorado Springs, Colorado. She initiated this action by filing a Complaint on January 5, 2015, pursuant to 42 U.S.C. §1983 and pursuant to 42 U.S.C. § 12101 and 29 U.S.C. § 701 (an American with Disabilities Act claim). The Court construes Plaintiff has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, which was granted on March 5, 2015.

The Court must construe Plaintiff's Complaint liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

Before conducting a review of the merits of Ms. McCoy's claims, the Court notes that Ms. McCoy has referred to EC, CC, LC, and JCM as other plaintiffs in the caption

of the Complaint and as minors in the Application to Proceed in District Court Without Prepaying Fees or Costs.  To the extent Ms. McCoy is acting as a representative for EC, CC, LC, and JCM under Fed. R. Civ. P. 17(c), she may elect to sue or defend on behalf of a minor.  Ms. McCoy, however, is not able to assert such claims pro se on their behalf.  See Mann v. Boatright, 477 F.3d 1140, 1149-50 (10th Cir. 2007) (a legal guardian is not able to bring suit without assistance of counsel) (citing Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986)).

"[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  Mann, 477 F.3d at 1150 (citing Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59, 61 (2d Cir. 1990)).  If Ms. McCoy desires to proceed pro se in this case, EC, CC, LC, and JCM may not proceed as named plaintiffs to this action.

Next, the Court will review the merits of Ms. McCoy's claims.  In the Background section of the Complaint form, Ms. McCoy states that she is (1) an adult domestic violence survivor; (2) blind, diabetic, mobility impaired; and (3) was pregnant at the time the officers disregarded a custody order, endangered her children, and illegally forced her to turn her federally subsidized housing over to a person not approved by HUD. Ms. McCoy further asserts that she filed a civil rights/ADA complaint and was assaulted, denied medical care, and suffered a miscarriage as a result.   In the First Claim, Ms. McCoy states as follows:

> Officer Parks Officer Richardson from Sept 1, 2013 to Present
>
> > (0) Assaulted me and my unborn child
> >
> > (2) Violate Religious rights by forcibly removing head covering and exposing private areas in public

>  (3) Denied me access to food, water Insulin for several hours
>
>  (4) Colluded in the theft of my public assistance benefits
>
>  (5) Impeded my use of a handicap accessible housing unit
>
>  (6) Tried to Force me to engage in federal housing fraud
>
>  (7) Released the contents of a sealed police report to harass and intimidate & retaliate for my civil rights & ADA complaint
>
>  (8) Denied me use of accessible documents and equipment
>
>  (9) Denied Prenatal Care/Medical Care
>
>  (10) Violated Social Security Act privacy protections for consumers of mental health services
>
>  (11) Discriminated based on disability race religion
>
>  (12) Failure to adhere to Federal Child Custody Act regulations
>
>  (13) Placed my children illegally in foster care in retaliation for a civil rights/ADA complaint
>
>  (14) Child Endangerment Exploitation vulnerable adult.

ECF No. 1 at 4.

In the Second Claim, Ms. McCoy states as follows:

Colorado Springs Police Dept and Sgt Ledbetter 9/1/13 to 12/31/14

>  (1) Impeded my access to internal affairs, denied due process for civil rights & ADA complaint
>
>  (2) Released the contents of a sealed police report in retaliation for ADA/Civil Rights complaint
>
>  (3) Denied Access to Medical Care & life sustaining medication
>
>  (4) Impeded my ability to participate on Federal Vocational Rehabilitation Activities

>   (5) Failed to get emergency medical and prenatal care and violated my VAWA rights
>
>   (6) Facilitated/Colluded in the removal of my children from my home illegally and violated Federal Uniform Child Custody Act.

ECF No. 1 at 5.  Plaintiff seeks money damages and injunctive relief

First, Ms. McCoy cannot maintain an ADA claim against individual defendants in their individual capacities because the statute does not impose individual liability.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132.  The Act defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority.  42 U.S.C. § 12131(1) (emphasis added).  *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).  Title II does not impose liability on individuals.  *See Montez v. Romer*, 32 F. Supp.2d 1235, 1240-41 (D. Colo. 1999).

Second, to state a claim under Title II, a plaintiff must allege that "(1) [s]he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson*, 500 F.3d at 1193.  Ms. McCoy does not state with any specificity in either Claim One or Two, or in the description of the background of the case, that she is a qualified individual with a disability and how she was excluded from participation in or denied benefits of a public

4

entity's services, programs, or activities, and how such exclusion, denial of benefits, or discrimination was because of her disability.

Third, Ms. McCoy's claims that may be considered as filed pursuant to § 1983 are conclusory and vague. To state a constitutional deprivation pursuant to 42 U.S.C. § 1983 Ms. McCoy must explain (1) what a defendant did to her; (2) when the defendant did it; (3) how the defendant's action harmed her; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is directed that she must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates

5

> violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Fourth, Ms. McCoy makes brief references to violations of the Social Security Act, the Federal Child Custody Act, her VAWA (the Court assumes this is the Violence Against Women Act) rights, and her ability to participate in federal vocational rehabilitation, but again the claims are conclusory and vague and fail to support a claim pursuant to these references.

Finally, the Court will deny Plaintiff's Motion for Reasonable Accommodation, ECF No. 9, with leave to refile at a later date.  In response to Plaintiff's first request for permission to utilize electronic case filing, the Court denied the request as improper, but instructed Plaintiff to the Court's website to complete the proper form to register for ECF Account-Pro Se.  *See* ECF No. 8.  When Plaintiff then submitted the proper form to register for an account on January 26, 2015, in this case and in Case No.15-cv-00021-GPG, the District of Colorado Case Management/Electronic Case Filing (CM/ECF) Team contacted her on January 27, 2015, to inquire about the capabilities of her computer and how training could be facilitated.  Per the Team, Plaintiff indicated she has limited access to the public library computer in Colorado Springs, but the computer has a reader function/software program.  The CM/ECF Team agreed to attempt to

make all accommodations possible for Plaintiff with the reader/software programs she has available. Local Rules and CM/ECF rules were emailed to Plaintiff by the Team for review prior to CM/ECF training. Plaintiff was directed to provide a telephone number where she could be reached so that she could participate in the CM/ECF training, which was scheduled for February 4, 2015. Plaintiff failed to provide a telephone number or inform the Team whether she intended to participate in the training. As of the date of this Order, Plaintiff has not communicated with the Court or the CM/ECF Team regarding the Court's available efforts to accommodate her. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above. It is

FURTHER ORDERED that the Clerk of the Court is to send to Plaintiff two copies of the Court-approved Complaint form to be used in filing an Amended Complaint. Ms. McCoy only needs to submit one copy to the Court for the purpose of filing. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the claims pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly. It is

FURTHER ORDERED that the Motion for Reasonable Accommodation, ECF No. 9, is denied with leave to refile as needed at a later date.

DATED March 6, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge